Bailey, Sp. J.,
delivered the opinion of the court.
The answer of the defendants admit that although com *558 plainant bought the tract of land levied on and sold by the sheriff to satisfy the decree made in the chancery court on the dissolution of the injunction, that in an action of ejectment brought by complainant in the circuit court of "Wilson county to recover the land, there was a judgment .against him, on the ground that the land had been conveyed by the debtor to another person before the levy was made by the sheriff.
The complainant having acquired no title to the property by Ms purchase, he has the right, according to the well settled rule of this court, to have the satisfaction of his decree set aside and another execution awarded. Henry v. Keys, 5 Sneed, 488.
But the relief sought as to the defendant Cowan must be denied.
It appears that the complainant recovered a judgment before a justice of the peace, against defendants J. G-. and Z. W. Frazier, which was stayed by defendant Cowan. In September, 1860, an execution issued on this judgment, and was levied by the officer on a slave and other property belonging to J. Gr. Frazier, the surety for Z. W. Frazier, of greater value than the amount of the judgment. In the month of January, 1861, J. G-. Frazier, the surety, filed a bill in the chancery court at Lebanon against Sypert, charging that the transaction out of which his obligation arose was usurious, and prayed for and obtained an injuction, restraining the officer from selling the property levied on, until the matters set forth in his bill should be examined and determined. The injunction was afterward dissolved, and the decree made, under Avhich the land of Coles, the surety on the injunction bond, Avas sold, as stated in a former part of this opinion.
It is insisted by the defendant CoAvan, the stayor, that the levy on the slave and other personal property belonging to J. Gr. Frazier Avas a satisfaction of the judgment as to him, and, on the other hand, the complainant insists that *559 the filing of the bill and -suing out the injunction by J. Gr. Frazier prevents the levy from having the effect claimed. [Finley v. King], 1 Head, 123; [Pigg v. Sparrow], 3 Hay., 144.
It is well settled that the levy by an officer upon personal property of the value ordinarily is a satisfaction of the judgment and execution, and this for the reason that a title to the property seized has vested in the officer. The defendant having been deprived by judicial process of that which he would otherwise have enjoyed, cannot justly be called upon again to yield to the demand of the creditor.
If, however, the, property has been restored to him, he cannot claim that the levy is a satisfaction, because, the reason for the rule ceasing to operate, the rule itself is no longer operative.
But although this be true as to the principal in the judgment, it is not so as to a surety. As to him, when personal property of the principal debtor to the value of the debt has been seized by the sheriff, the execution is satisfied, and he is discharged unless he agrees to the restoration of the property to the principal, or does some act that will estop him from alleging satisfaction.
This rule has but a single exception, and that has been made by statute. It was repeatedly decided by the courts of this state, that although by the terms of the act of 1801, ch. 13, the officer who levied an execution on personal property was bound to accept from the person to whom the property belonged a bond for its delivery on the day of sale, and then restore it to the debtor, still the surety on the original obligation was discharged by the seizure, notwithstanding his principal, the maker of the bond, failed to deliver the property, and he and his sureties to the bond became insolvent. [Brown v. McDonald], 8 Yer., 160.
The decisions made upon this act, and in accord with the principles of the common law, led to the enactment of the act of 1831 [ch. 25], and other acts, that have been *560 carried into the Code at secs. 3 044-3 049 [Shannon’s Code, secs. 4772-4777], by which in certain contingencies the liability of the surety on the primary obligation is saved. [See note 2 under sec. 4779.]
The legislature has not thought fit to extend these enactments to cases like the one under consideration, and the courts have no power by judicial legislation to do so.
Cowan, the stayor, did not join in filing the bill of injunction, nor has he done any act that in equity and good conscience forbids him to insist upon his legal rights. As to him the judgment was satisfied by the levy on the personal property of his principal, and his obligation has not been restored by the acts of third persons.
The decree of the chancellor will be modified in conformity to this opinion, and complainant will pay the costs of this court. The costs of the court below will be paid by defendants, the Fraziers and Coles.